**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4070**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RONALD LEE HAMBY,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.
(1:07-cr-00241-WDQ-1)

_____

Submitted:  September 16, 2008      Decided:  September 18, 2008

_____

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James Wyda, Federal Public Defender, Sherri Keene, Staff Attorney,
Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United
States Attorney, Gregory Welsh, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Lee Hamby pled guilty pursuant to a written plea agreement to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Hamby was sentenced to 180 months' imprisonment. Finding no error, we affirm.

On appeal, Hamby contends that his classification as an armed career criminal violated the Sixth Amendment because it was based on prior convictions that were not charged in the indictment and found by a jury beyond a reasonable doubt, nor admitted. After United States v. Booker, 543 U.S. 220 (2005), sentencing courts are still required to calculate the applicable advisory guideline range based on appropriate findings of fact. United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006). We have previously noted that sentencing factors should continue to be evaluated based on the preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Moreover, in United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir. 2005), we specifically determined that prior convictions used as a basis for enhancement under the Armed Career Criminal Act need not be charged in the indictment nor proven beyond a reasonable doubt.

The district court followed the necessary procedural steps in sentencing Hamby, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant 18 U.S.C.

2

§ 3553(a) (2000) factors.  See United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006).  Furthermore, Hamby's 180-month sentence, which is the lowest end of the applicable Guidelines range and the statutory minimum, may be presumed reasonable.  See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).  Thus, we conclude the district court did not abuse its discretion in imposing the chosen sentence.  See Gall v. United States, 128 S. Ct. 586, 597 (2007).

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED